JS 44C/SDNY
REV. 7/2012

CIVIL COVER SHEET             13 CV 1265

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Wall Street Entertainment, LLC

**DEFENDANTS**
BuVision, LLC
Universal Music Group, Inc.

FEB 25 2013

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
The Roberts Law Group, PLLC
1029 Vermont Ave, NW, Suite 300, Washington, DC
202-347-9700

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

17 USC 501 - An action for copyright infringement and breach of contract.

Has this or a similar case been previously filed in SDNY at any time? No [ ]  Yes [X]  Judge Previously Assigned _____

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

Is THIS AN INTERNATIONAL ARBITRATION CASE?  No [X]  Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)  **NATURE OF SUIT**

**TORTS**                                                                                       **ACTIONS UNDER STATUTES**

**CONTRACT**
[ ]110 INSURANCE
[ ]120 MARINE
[ ]130 MILLER ACT
[ ]140 NEGOTIABLE INSTRUMENT
[ ]150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ]151 MEDICARE ACT
[ ]152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ]153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ]160 STOCKHOLDERS SUITS
[ ]190 OTHER CONTRACT
[ ]195 CONTRACT PRODUCT LIABILITY
[ ]196 FRANCHISE

**REAL PROPERTY**
[ ]210 LAND CONDEMNATION
[ ]220 FORECLOSURE
[ ]230 RENT LEASE & EJECTMENT
[ ]240 TORTS TO LAND
[ ]245 TORT PRODUCT LIABILITY
[ ]290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
[ ]310 AIRPLANE
[ ]315 AIRPLANE PRODUCT LIABILITY
[ ]320 ASSAULT, LIBEL & SLANDER
[ ]330 FEDERAL EMPLOYERS' LIABILITY
[ ]340 MARINE
[ ]345 MARINE PRODUCT LIABILITY
[ ]350 MOTOR VEHICLE
[ ]355 MOTOR VEHICLE PRODUCT LIABILITY
[ ]360 OTHER PERSONAL INJURY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
[ ]441 VOTING
[ ]442 EMPLOYMENT
[ ]443 HOUSING/ ACCOMMODATIONS
[ ]444 WELFARE
[ ]445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ]446 AMERICANS WITH DISABILITIES -OTHER
[ ]440 OTHER CIVIL RIGHTS (Non-Prisoner)

**PERSONAL INJURY**
[ ]362 PERSONAL INJURY - MED MALPRACTICE
[ ]365 PERSONAL INJURY PRODUCT LIABILITY
[ ]368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ]370 OTHER FRAUD
[ ]371 TRUTH IN LENDING
[ ]380 OTHER PERSONAL PROPERTY DAMAGE
[ ]385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
[ ]510 MOTIONS TO VACATE SENTENCE 20 USC 2255
[ ]530 HABEAS CORPUS
[ ]535 DEATH PENALTY
[ ]540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
[ ]550 CIVIL RIGHTS
[ ]555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ]610 AGRICULTURE
[ ]620 OTHER FOOD & DRUG
[ ]625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ]630 LIQUOR LAWS
[ ]640 RR & TRUCK
[ ]650 AIRLINE REGS
[ ]660 OCCUPATIONAL SAFETY/HEALTH
[ ]690 OTHER

**LABOR**
[ ]710 FAIR LABOR STANDARDS ACT
[ ]720 LABOR/MGMT RELATIONS
[ ]730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ]740 RAILWAY LABOR ACT
[ ]790 OTHER LABOR LITIGATION
[ ]791 EMPL RET INC SECURITY ACT

**IMMIGRATION**
[ ]462 NATURALIZATION APPLICATION
[ ]463 HABEAS CORPUS- ALIEN DETAINEE
[ ]465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
[ ]422 APPEAL 28 USC 158
[ ]423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[X]820 COPYRIGHTS
[ ]830 PATENT
[ ]840 TRADEMARK

**SOCIAL SECURITY**
[ ]861 HIA (1395ff)
[ ]862 BLACK LUNG (923)
[ ]863 DIWC/DIWW (405(g))
[ ]864 SSID TITLE XVI
[ ]865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ]870 TAXES (U.S. Plaintiff or Defendant)
[ ]871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
[ ]400 STATE REAPPORTIONMENT
[ ]410 ANTITRUST
[ ]430 BANKS & BANKING
[ ]450 COMMERCE
[ ]460 DEPORTATION
[ ]470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ]480 CONSUMER CREDIT
[ ]490 CABLE/SATELLITE TV
[ ]810 SELECTIVE SERVICE
[ ]850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ]875 CUSTOMER CHALLENGE 12 USC 3410
[ ]890 OTHER STATUTORY ACTIONS
[ ]891 AGRICULTURAL ACTS
[ ]892 ECONOMIC STABILIZATION ACT
[ ]893 ENVIRONMENTAL MATTERS
[ ]894 ENERGY ALLOCATION ACT
[ ]895 FREEDOM OF INFORMATION ACT
[ ]900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ]950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

DEMAND $_____ OTHER_____  JUDGE _____ DOCKET NUMBER_____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(PLACE AN x IN ONE BOX ONLY) **ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
  - ☐ a. all parties represented
  - ☐ b. At least one party is pro se.
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from (Specify District)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY) **BASIS OF JURISDICTION**
- ☐ 1 U.S. PLAINTIFF
- ☐ 2 U.S. DEFENDANT
- ☒ 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- ☐ 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**
(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ]1 | [ ]1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ]3 | [ ]3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ]5 | [ ]5 |
| CITIZEN OF ANOTHER STATE | [ ]2 | [ ]2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ]4 | [ ]4 | FOREIGN NATION | [ ]6 | [ ]6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)
Wall Street Entertainment, LLC
1790 Broadway, Suite 800
New York, NY 10019
New York County

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)
BuVision, LLC
3180 Franklin Street, Suite A
Avondale Estates, GA 30002
DeKalb County

Universal Music Group, Inc.
2220 Colorado Ave.
Santa Monica, CA 90404
Los Angeles County

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO: ☐ WHITE PLAINS ☒ MANHATTAN
(DO NOT check either box if this a PRISONER PETITION/PRISONER CIVIL RIGHTS COMPLAINT.)

DATE 2/21/13 SIGNATURE OF ATTORNEY OF RECORD
RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 10 Yr. 1985)
Attorney Bar Code # SR0932

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

13 CV 1265

| | |
|---|---|
| Wall Street Entertainment, LLC <br><br> 1790 Broadway, Suite 800 <br> New York, New York 10019 <br> Plaintiff, <br><br> v. <br><br> BuVision, LLC <br><br> 3180 Franklin Street, Suite A <br> Avondale Estates, GA 30002 <br><br> Serve: <br><br> Mlq Attorney Services <br> 2000 Riveredge Parkway <br> Suite 885 <br> Atlanta, Ga 30328 <br><br> and <br><br> Universal Music Group, Inc. <br><br> 2220 Colorado Ave. <br> Santa Monica, CA 90404 <br><br> Serve: <br><br> CT Corporation System <br> 111 8th Ave. <br> New York, NY 10011 <br><br> Defendants. | Civil Case No. |

RECEIVED FEB 25 2013 U.S.D.C. S.D.N.Y. CASHIERS

## VERIFIED COMPLAINT
## AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Wall Street Entertainment, LLC, and for its Complaint states as follows:

## PRELIMINARY STATEMENT

1. This action is for money damages, declaratory judgment, attorneys' fees, and costs brought by a New York music publisher and producer against parties who have breached contracts, and have infringed its intellectual property.

## PARTIES, PERSONS, JURISDICTIONS AND VENUE

2. Plaintiff Wall Street Entertainment, LLC, ("Wall Street") is a New York limited liability company and is a music publisher and producer.

3. Defendant BuVision, LLC, ("BuVision") is a Georgia limited liability company that regularly conducts business in New York City.

4. Defendant Universal Music Group, Inc. ("Universal") is a Delaware corporation and, subsidiary of multi-national Vivendi, that regularly conducts business in New York City.

5. Melvin Hough, II and Rivelino Wouter (collectively, the "Writers") are residents of Georgia who are songwriters and music producers.

6. The Writers are the original composers of certain musical compositions (the "Songs"), which are as follows: "Somebody", "Raining Men", "Runaway Love", "Hit It Like This", I'm Legit", and "Get It Right."

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 due to the Defendants' violations of 17 U.S.C. § 501. The Court also has jurisdiction pursuant to 28

2

U.S.C. § 1332, as there is complete diversity of the parties and the amount in controversy exceeds $75,000. Further this Court has jurisdiction of all supplemental claims pursuant to 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. On or about July 25, 2007, Wall Street and the Writers entered into an Exclusive Producer Agreement. (Ex. 1.) Under the terms of the Exclusive Producer Agreement, the Writers grant to Wall Street an undivided fifty percent (50%) interest in all copyright in any and all musical compositions created, in whole or in part, directly or indirectly, by the Writers during the term of the agreement, specifically including without limitation the Songs. (Ex. 1, section 16.)

9. The Exclusive Producer Agreement also appoints Wall Street as the sole and exclusive administrator of all rights in all such musical compositions, including the sole and exclusive right to grant licenses and collect income from the musical compositions. (Ex. 1, section 16(b).) Wall Street is obligated to pay the Writers fifty percent (50%) of any royalties collected from such musical compositions, after deducting out-of-pocket costs and expenses, along with fifty percent (50%) of any negotiated sum from any third-party co-publishing agreement entered into with respect to any of such musical composition (Ex. 1, section 16 (a) and (d).)

10. All relevant rights in all of the Songs are governed by the terms of the Exclusive Producer Agreement.

11. Wall Street has filed applications, and paid all applicable registration fees, for copyright registration for all of the Songs. (Ex. 2.)

3

12. On or about June 11, 2009, Wall Street entered into a Co-Publishing Agreement with Defendant BuVision. (Ex. 3.) Under the terms of the Co-Publishing Agreement, Wall Street (and the Writers) grant to BuVision a fifty percent (50%) interest in the copyright to musical compositions composed by the Writers during the term of the agreement, making BuVision and Wall Street joint copyright holders in those musical compositions. (Ex. 3, sections 3 and 4.)

13. The term of the Co-Publishing Agreement is not a term of years, but, rather, the Agreement remains operative until such time as three (3) full compositions, or the fractional equivalent thereof, are completed by the Writers and released on album by any of the major record distributors or their affiliated labels. (Ex. 3, section 2(a).) For purposes of calculating a "full composition", the fractional equivalent means Writers' percentage interest in a composition. By way of explanation, the three composition requirement could be met by, for example, the Writers' delivery of three songs in which the Writers owned a 100% interest, or by six songs in which the Writers owned a 50% interest, and so on.

14. As of the date of the present Complaint, Wall Street and the Writers have delivered more than three (3) full compositions under the terms of the Co-Publishing Agreement. Two of the Songs, "I'm Legit" and "Get It Right" fall outside the terms of the Co-Publishing Agreement.

15. The terms of Co-Publishing Agreement require BuVision to pay to Wall Street and all royalties in connection with the Co-Published Songs in accordance with a specific schedule, including without limitation a requirement to pay Wall Street seventy-five percent (75%) of all mechanical rights income, sixty-five percent (65%) of a mechanical rights income from covers of the Co-Published Songs, seventy percent (70%) of all income from

4

synchronization rights, and seventy-five percent (75%) of all other royalty income. (Ex. 3, Exhibit B.)

16. The Co-Publishing Agreement requires BuVision to submit semi-annual royalty statements and royalty payments, on or before September 30 and March 31 of each year during the term of the Agreement.(Ex 3, Section 8.)

17. BuVision has never submitted any royalty statements to Wall Street pursuant to the Co-Publishing Agreement at any time.

18. BuVision has never made any royalty payments to Wall Street at any time.

18. On or about January 14, 2011, Wall Street's counsel served on BuVision's counsel written notice of BuVision's failure to account or pay royalties.(Ex. 4.) Wall Street received no reply or response of any kind.

19. The Songs have been published, sold, and commercially distributed on albums created and/or distributed by Universal, including albums by major recording artists such as Justin Bieber, Rhianna, and Jamie Fox.

20. Upon information and belief, Universal has sold millions of copies of the Songs.

21. At no time did Universal give notice to Wall Street or the Writers that it intended to seek a compulsory license for the Songs, pursuant to 17 U.S.C. §115.

22. At no time has Universal paid any mechanical copyright royalty to Wall Street or the Writers for the use and exploitation of the Songs.

## COUNT I
### (Copyright Infringement)

23. Wall Street incorporates herein by reference Paragraphs 1 through 22.


24. Wall Street is the rightful owner of the copyrights and other intellectual property of the Writers in the Songs, pursuant to the Exclusive Producer Agreement, which agreement specifically gives Wall Street the full power to enforce all claims of copyright.

25. Wall Street has applied for registration of the Songs with the United States Copyright Office, and the Copyright Office is in receipt of the applications for registration, fees, and deposits.

26. Universal has, and continues to, infringe the copyrights of Wall Street by selling infringing reproductions of the Songs, creating derivative works, and by using, exploiting, reproducing, and fraudulently permitting others to use, exploit and reproduce the Songs without payment of any royalty to Wall Street.

27. Universal does not have any legal right to, use, exploit, reproduce the Songs, or to permit others to do so.

28. Universal has, and continues to collect profits from the infringement of the copyrights in the Songs, upon information and belief, including but not limited to profits from the sale of infringing reproductions. As a direct result of the infringement of its copyrights, Wall Street has suffered, and continues to suffer, ongoing damages.

29. The infringement described herein is knowing, willful, and deliberate.

30. Pursuant to 17 U.S.C. §§ 501-505, Wall Street is entitled to injunctive relief, impoundment and/or destruction and/or disposition of the infringing materials, money damages equal to the actual damages to Wall Street and any profits of Universal, and an award of full costs and reasonable attorneys fees.

**WHEREFORE**, Wall Street requests the following relief:

    A. An injunction prohibiting Universal from further infringement; and

B.  An award of money damages equal to Wall Street's actual damages from the infringement along with any profits of Universal resulting from the infringement; and

C.  Reasonable attorneys' fees and all costs expended in this matter, and all other such relief as the Court may deem appropriate.

## COUNT II
### (Breach of Contract)

31.  Wall Street incorporates herein by reference Paragraphs 1 through 30.

32.  Wall Street contends that the Co-Publishing Agreement is void as abandoned by the parties. In the alternative, if it is determined that the Co-Publishing Agreement has not been abandoned, then BuVision has breached the terms of the Co-Publishing Agreement by failing to provide royalty payments and accountings to Wall Street, and failing to enforce copyrights in the Songs.

33.  As a direct and proximate cause of BuVision's breach of the Co-Publishing Agreement, Wall Street has suffered, and continues to suffer damages, which include without limitation, lost revenue, lost royalties, and loss of value of Wall Street's copyright interest in the Songs.

**WHEREFORE**, Wall Street requests the following relief:

A.  A declaratory judgment that the Co-Publishing Agreement has been breached by BuVision and is therefore void, terminated, and not in effect; and

B.  An award of monetary damages against Bu Vision equal to the damages suffered by Wall Street as a direct and proximate cause of BuVision's breach; and

B.  Reasonable attorneys' fees and all costs expended in this matter, and all other such relief as the Court may deem appropriate.

7

## COUNT III
### (Accounting for Joint Copyrights)

34.   Wall Street incorporates herein by reference Paragraphs 1 through 33.

35.   Wall Street contends that the Co-Publishing Agreement is void as abandoned by the parties. In the alternative, if it is determined that the Co-Publishing Agreement has not been abandoned, then BuVision has failed to account to Wall Street as the rightful joint owner of the copyrights and other intellectual property in the Songs, pursuant to the Exclusive Producer Agreement and the Co-Publishing Agreement.

36.   BuVision and Universal have and continue to, exploit the joint copyrights of Wall Street by selling reproductions of the Songs, and by using, exploiting, reproducing, and permitting others to use, exploit and reproduce those joint copyrighted works without compensating Wall Street for its joint interest.

37.   BuVision and Universal have, and continue to collect profits from the Songs, including but not limited to profits from the sale of reproductions of the Songs and the creation of derivative works. As a direct result of the exploitation of its joint copyrights, Wall Street has suffered, and continues to suffer, ongoing damages.

**WHEREFORE**, Wall Street requests the following relief:

A.   An award of money damages equal to Wall Street's actual damages from the uncompensated use and exploitation of Wall Street's joint copyright interest, including Wall Street's share of all profits of resulting from use and exploitation by BuVision and Universal; and

8

B.  Reasonable attorneys' fees and all costs expended in this matter, and all other such relief as the Court may deem appropriate.

## COUNT IV
### (Unjust Enrichment)

38. Wall Street incorporates herein by reference Paragraphs 1 through 37.

39. Wall Street is the rightful owner and/or joint owner of copyrights and other intellectual property of the Writers in the Songs, pursuant to the Exclusive Producer Agreement.

40. Upon information and belief, BuVision and Universal have and continue to, exploit the copyrights and joint copyrights of Wall Street by selling reproductions of the Songs, and by using, exploiting, reproducing, and permitting others to use, exploit and reproduce those joint copyrighted works without compensating Wall Street for its interest.

41. BuVision and Universal have, and continue to collect profits from the Songs, including but not limited to profits from the sale of reproductions of the Songs and the creation of derivative works. As a direct result of the exploitation of its copyrights, Wall Street has suffered, and continues to suffer, ongoing damages.

42. BuVision, and Universal have been enriched through their actions, which enrichment has been at the expense of Wall Street.

43. The circumstances are such that equity and good conscience require BuVision and Universal to make restitution to Wall Street.

**WHEREFORE**, Wall Street requests the following relief:

A.  An award of money damages equal to the amount of BuVision and Universal's unjust enrichment at Wall Street's expense, including all actual damages from the

9

uncompensated use and exploitation of Wall Street's copyright interest, including Wall Street's share of all profits of resulting from use and exploitation; and

      B.    Reasonable attorneys' fees and all costs expended in this matter, and all other such relief as the Court may deem appropriate.

Plaintiff requests jury trial on all Counts.

Respectfully Submitted,

Wall Street Entertainment, LLC
By Counsel

_____
Sandy A. Roberts
The Roberts Law Group, PLLC
1029 Vermont Ave, NW
Suite 300
Washington, DC 20005
202-347-9700
202-347-5225 (fax)

10

## VERIFICATION OF KEITH BETTS

The undersigned, Keith Betts, on behalf of Wall Street Entertainment, LLC, has read the foregoing Complaint of and swears and affirms under oath, and subject to penalty of perjury, that the statements recited herein are true and correct to the best of his knowledge.

*[signature: Keith Betts]*

Sworn to and subscribed before me this 20 day of February 2013

*[signature: Mary E. Schultz]*
Notary Public

MARY E. SCHULTZ
NOTARY PUBLIC, STATE OF NEW YORK
NO. 30-8859125
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES MARCH 30, 2014

12